# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ONELEGACY<br>1303 W. Optical Dr.<br>Azusa, CA 91702<br><br>Plaintiff,<br><br>v.<br><br>XAVIER BECERRA, Secretary<br>United States Department of<br>Health and Human Services,<br>200 Independence Avenue, S.W.<br>Washington, DC  20201,<br><br>Defendant. | Case No. 1:23-cv-2915 |

## COMPLAINT

### INTRODUCTION

1.      Plaintiff, OneLegacy, a Medicare-certified Organ Procurement Organization ("OPO"), by and through its counsel, challenges agency final action taken by the Secretary of the United States Department of Health and Human Services' (the "Secretary"), acting through the Administrator of the Centers for Medicare & Medicaid Services (the "CMS Administrator" or "Administrator").

2.      An OPO is an organization that performs or coordinates retrieving, preserving and transporting organs and maintains a system of locating prospective recipients for available organs. OPOs have two major functions within their federal charter: (i) increasing the number of registered organ donors through community outreach and public education, and (ii) coordinating the organ

donation process by arranging for the recovery and transplant of donated organs to a matching organ recipient.

3.     OPOs work closely with donor hospitals and transplant centers to facilitate organ donation and transplantation. Plaintiff operates as an OPO and is required by CMS to submit Medicare cost reports annually to determine the amounts payable under Medicare associated with the procurement of kidneys. The cost report includes direct costs, overhead costs, and administrative and general costs associated with organ procurement.

4.     This civil action arises from an administrative appeal process relating to Plaintiff's claims for costs within its Medicare cost reports for a span of 5 years.

## JURISDICTION AND VENUE

5.     This action involves claims to set aside an unlawful agency final decision that is actionable under the Administrative Procedures Act and a claim for a Writ of Mandamus to require the Secretary to carry out his non-discretionary duty to reimburse Plaintiff for reasonable costs. Jurisdiction for these claims is proper under 28 U.S.C. § 1331, and 28 U.S.C. § 1361.

6.     Venue is proper in this judicial district in accordance with 28 U.S.C. § 1391(e).

## PARTIES

7.     The Plaintiff is a Medicare-certified OPO located in Azusa, California. Plaintiff is the OPO for a seven-county region in Southern California that includes Los Angeles, Riverside, Orange, Santa Barbara, Ventura, San Bernardino, and Kern counties.

8.     Defendant, Xavier Becerra, is the Secretary of the United States Department of Health and Human Services ("HHS") and is sued in his official capacity. HHS is the Federal agency that administers CMS. CMS is the Federal agency to which the Secretary has delegated administrative authority over the Medicare program, which is established under title XVIII of the

Social Security Act. *See* 42 U.S.C. § 1395 *et seq*. References to the Secretary are meant to refer to him, his subordinate agencies and officials, and to his official predecessors or successors as the context requires.

## ALLEGATIONS

### Reasonable Cost Reimbursement for OPOs

9.  Pursuant to Section 1138(b)(1) of the Social Security Act, the Secretary shall reimburse OPOs under title XVIII (the Medicare program) for the reasonable costs of procuring organs provided that, among other things, the OPO has been designated as a "qualified organ procurement organization" as defined in Section 371(b) of the Public Health Service Act.

10. Section 1861(v)(l)(A) of the Social Security Act defines "reasonable cost" as "the cost actually incurred, excluding therefrom any part of incurred cost found to be unnecessary in the efficient delivery of needed health service . . . ." 42 U.S.C. § 1395x(v)(l)(A). The statute authorizes the Secretary to promulgate regulations that further define the costs that are considered to be reasonable. *Id.*

11. Pursuant to this authority, the Secretary has promulgated regulations at 42 C.F.R. Part 413 that incorporate the standards by which he will determine whether costs are reasonable. For example, reasonable costs must be actually incurred and related to patient care. Reasonable costs include not only costs that are directly related to patient care but also the indirect costs—overhead and general and administrative expenses—that are necessary to support the direct costs of care. The Secretary's regulations acknowledge that "[t]he costs of providers' services vary from one provider to another and the variations generally reflect differences in scope of services and intensity of care." It is only if a provider's costs are "substantially out of line" with other provider's that the variation in cost might be reviewed as potentially unreasonable. 42 C.F.R. § 413.9.

12. For OPOs, the Secretary recognizes that reasonable costs include direct costs, such as kidney acquisition costs, and indirect costs such as the costs of public education for organ donor awareness. Because each OPO has a statutorily prescribed mission to increase public awareness of, and encourage, organ donation, the Secretary's rules permit OPOs to seek reimbursement for their reasonable costs of educating the public regarding organ donation. Indeed, given the regional nature of OPO activities, investment into community engagement and education has a direct correlation with increasing organ donation in those same communities.

### Cost Reports and the OPO Appeals Process

13. OPOs file a cost report annually with a Medicare Administrative Contractor ("MAC"). The cost report includes all the direct and indirect costs incurred for the procurement of organs and other activities of the OPO such as its public education activities. Because Medicare only reimburses for the costs incurred for the procurement of kidneys, the cost report allocates the OPOs costs to reimbursable and non-reimbursable organs. Once submitted, the MAC reviews the cost report to determine, among other things, whether the costs claimed by the OPO meet the standard for reasonable cost reimbursement. When its review is completed, the MAC issues a written notice reflecting the contractor's final determination of the total amount of reimbursement due the provider, called a Notice of Program Reimbursement ("NPR").

14. The Secretary has adopted a set of regulations that permit an OPO to seek administrative review if it is dissatisfied with the MAC's final payment determination as reflected in the NPR and the amount in controversy is $1,000 or more. 42 C.F.R. § 413.420(g) (permitting OPOs to seek review under the procedures set forth in 42 C.F.R. §§ 405.1811 through 405.1833).

15. The first level of appeal is with a contractor hearing officer who is appointed by the Secretary. The hearing officer reviews the MAC's NPR to determine whether the final payment

determination is consistent with the Secretary's rules and regulations regarding reasonable cost reimbursement for organ procurement activities. The hearing officer's decision reflects the final decision of the Secretary unless it is further reviewed. 42 C.F.R. § 405.1833.

16. An OPO that is dissatisfied with the hearing officer's decision is entitled to further administrative review, or the hearing officer's decision may be reviewed at the discretion of the Administrator on his own motion. *See* 42 CFR § 405.1834(a). By regulation, the Administrator has designated the CMS reviewing official to conduct this review on behalf of the Administrator. The reviewing official considers whether the decision of the contractor hearing officer is consistent with the controlling legal authority and the evidence in the record and issues a decision on behalf of the Administrator. *Id*. The Secretary's regulation further explains that "[n]o other individual, entity, or party has the right to the review. . . ." *Id*. CMS's regulation also states that "[a] decision of affirmation, reversal, or modification by the CMS reviewing official is final and binding on each party and the contractor. No further review or appeal of a decision is available." 42 CFR § 405.1834(f)(1).

## **Plaintiff's Administrative Appeal**

17. Plaintiff filed Medicare cost reports with the MAC for fiscal years ending ("FYEs") 12/31/2008, 12/31/2009, 12/31/2010, 12/31/2011, and 12/31/2012 claiming reimbursement from the Secretary for its reasonable costs for the procurement of kidneys.

18. For each cost report, the MAC disallowed specific items of costs claimed by the Plaintiff, alleging that these expenses were not reasonable or necessary according to the Secretary's reasonable cost reimbursement rules. The MAC issued NPRs for each of these years, and as a result of the MAC's adjustments, the Plaintiff was denied certain of its Medicare reimbursement claimed on its cost reports. The MAC's disallowances were either unlawful and a misapplication of the

5

Secretary's reimbursement rules, or they were based upon factual determinations that are not supported by evidence in the record. Plaintiff appealed each of these cost reports (FYEs 2008-2012) to the contractor hearing officer challenging certain of the MAC's disallowances.

19. The contractor hearing officer conducted a hearing to review eight reasonable cost issues that were disallowed in each of the five cost reports. During the hearing, Plaintiff presented witness testimony and identified record evidence to support its reasonable cost claims. The contractor hearing officer issued a decision largely in favor of Plaintiff reversing in total or in part six of the eight issues appealed by Plaintiff.

20. On August 27, 2020, the CMS reviewing official, acting on behalf of the Administrator, issued a notice to Plaintiff taking "own-motion" review over all eight issues that were decided in the contractor hearing officer's decision.

21. On May 4, 2023, the CMS reviewing official issued his decision upholding the hearing officer's decision that Plaintiff's claimed costs were reasonable in all but two instances. In those instances, the reviewing official did not rule against the Plaintiff, but remanded the issue back to the contracting officer for further proceedings.

22. The CMS reviewing official's decision marked the final step in Plaintiff's long traverse through the full administrative review provided for under the Secretary's regulations—a journey that took more than a decade—first appealing the MAC's determinations under 42 C.F.R. § 413.420(g); then participating in a contractor hearing as set forth in 42 C.F.R. §§ 405.1811 through 405.1833, and finally receiving a decision from the CMS reviewing official as set forth in 42 CFR § 405.1834. Under the Secretary's regulations, the reviewing official's final decision is "final and binding on each party and the contractor" (but for the two issues remanded back to the contractor hearing officer). "No further review or appeal of a decision is available" for the issues

6

affirmed by the CMS reviewing official.  42 CFR § 405.1834(f)(1).  The reviewing official's decision is the final decision of the Secretary.

### The Administrator's Unlawful Review

23. Two days before the CMS reviewing official issued its favorable decision, the CMS Office of the Administrator (acting through the Principal Deputy Administrator) *sua sponte* issued Standing Order 2023-1, entitled "In Re: Interim Implementation of Optional Discretionary Administrator Review of CMS Reviewing Official Determination with Respect to Appeals Under 42 C.F.R. 413.420(g)."

24. Standing Order 2023-1 acknowledges that under 42 C.F.R. § 405.1834(f)(1) "[a] decision of affirmation, reversal, or modification by the CMS reviewing official is final and binding on each party and the contractor" and "[n]o further review or appeal of a decision is available." Nonetheless and despite the clear language of the regulation, the Standing Order claims that the Administrator has the additional authority under this existing regulation to review the CMS reviewing official's decision.

25. Standing Order 2023-1 is unpublished and not available on CMS's website.  Upon information and belief, it has not been made available to the public generally.  Plaintiff received notice of the Standing Order only because it accompanied an official copy of the CMS reviewing official's favorable decision.

26. Citing Standing Order 2023-1, the Administrator took review of the reviewing official's final decision.  On July 31, 2023, the Administrator issued a decision which reversed each of the issues for which the reviewing official had issued a decision favorable to Plaintiff.  Standing Order 2023-1 is an unlawful attempt to circumvent the Secretary's long-standing regulations

pursuant to which he delegated his executive power to review and make final payment determinations to the CMS reviewing official.

## CAUSES OF ACTION

### COUNT I
### Violation of the APA (5 U.S.C. § 706(2))
### (Arbitrary, Capricious, and Unlawful Agency Action

27. Plaintiff hereby incorporates by reference paragraphs 1 through 26.

28. As determined by the contractor hearing officer and the CMS reviewing official, certain items of cost claimed by the Plaintiff were reasonable and necessary and complied with the Secretary's rules and regulations regarding cost reimbursement for OPOs.  The Administrator's decision to reverse the CMS reviewing official with regard to the reasonableness of these costs is inconsistent with the Secretary's rules and regulations or it is unsupported by substantial evidence in the administrative record.  The Administrator's final decision is, therefore, arbitrary, capricious, in violation of law and thus violates 5 U.S.C. § 706(2).

### COUNT II
### Violation of the APA (5 U.S.C. § 706(1))
### (Agency Action Unlawfully Withheld)

29. Plaintiff hereby incorporates by reference paragraphs 1 through 26.

30. The Secretary's regulations at 42 C.F.R. § 405.1834(f)(1) prohibit any further administrative review of the CMS reviewing official's decision.  The Secretary's regulations at 42 C.F.R. § 405.1834(a)(1) also provide that the CMS reviewing official issues his decision "on behalf of the Administrator" and that the reviewing official's decision is the final decision of the Secretary.  The Secretary is required by his own regulations to implement the final payment determination set forth in the reviewing official's final decision.  By issuing Standing Order 2023-1, taking review of

and reversing the CMS reviewing official's final decision, the Secretary, by and through the CMS Administrator, has withheld the final payment determination in violation of 5 U.S.C. § 706(1).

## COUNT III
### Violation of the APA (5 U.S.C. § 706(2))
### (Arbitrary, Capricious, and Unlawful Agency Action)

31. Plaintiff hereby incorporates by reference paragraphs 1 through 26.

32. The Secretary's regulations at 42 C.F.R. § 405.1834(f)(1) prohibit any further administrative review of the CMS reviewing official's decision. By issuing Standing Order 2023-1, taking review of and reversing the CMS reviewing official's final decision, the Secretary, by and through the CMS Administrator, acted arbitrarily, capriciously, in violation of the law and thus violated 5 U.S.C. § 706(2).

33. The Secretary's regulations at 42 C.F.R. § 405.1834(a)(1) also provide that the CMS reviewing official issues his decision "on behalf of the Administrator" and that the reviewing official's decision is the final decision of the Secretary. By issuing Standing Order 2023-1, and reversing the reviewing official's final decision, the Secretary, by and through the Administrator, has violated his own regulation, acted arbitrarily, capriciously, in violation of the law and thus violated 5 U.S.C. § 706(2).

## COUNT IV
### Violation of APA (5 U.S.C. § 553)
### (Notice-and-Comment Rulemaking)

34. Plaintiff hereby incorporates by reference paragraphs 1 through 26.

35. By issuing Standing Order 2023-1, taking review of the CMS reviewing official's final decision, and issuing the Administrator's decision on July 31, 2023, the Secretary, by and through the Administrator, violated the APA's notice-and-comment rulemaking requirement by

9

effecting a substantive change in the contractor hearing appeal procedures regulation without going through the necessary notice-and-comment rulemaking process.

36. By issuing Standing Order 2023-1, taking review of the CMS reviewing official's final decision, and issuing the Administrator's decision on July 31, 2023, the Secretary, by and through the Administrator, violated the APA's notice-and-comment rulemaking requirement by issuing Standing Order 2023-1 in an unpublished, clandestine manner and then relying on it to reverse the CMS reviewing official's decision in Plaintiff's case.

**COUNT V**
**Violation of the Medicare Statute**
**(Notice-and-Comment Rulemaking)**

37. Plaintiff hereby incorporates by reference paragraphs 1 through 26.

38. The Medicare statute requires the Secretary to subject any rules, requirements, or other policy statements that impact a provider's payment to notice-and-comment rulemaking. 42 U.S.C. § 1395hh(a)(2); *Azar v. Allina Health Servs.*, 139 S. Ct. 1804 (2019).

39. By issuing Standing Order 2023-1, taking review of the CMS reviewing official's final decision, and issuing the Administrator's decision on July 31, 2023, the Secretary, by and through the Administrator, violated the Medicare statute's notice-and-comment rulemaking requirement by effecting a substantive change in the contractor hearing appeal procedures regulation without going through the necessary notice-and-comment rulemaking process.

40. By issuing Standing Order 2023-1, taking review of the CMS reviewing official's final decision, and issuing the Administrator's decision on July 31, 2023, the Secretary, by and through the Administrator, violated the Medicare statute's notice-and-comment rulemaking requirement by issuing Standing Order 2023-1 in an unpublished, clandestine manner and then relying on it to reverse the CMS reviewing official's decision in Plaintiff's case.

## COUNT VI
### Mandamus

41.  Plaintiff hereby incorporates by reference paragraphs 1 through 26.

42.  Plaintiff is entitled to a writ of mandamus enforcing the CMS reviewing official's decision and prohibiting the Administrator from remanding Plaintiff's appeals to the MAC. *See* 28 U.S.C. § 1361. Plaintiff received a duly executed final decision from the CMS reviewing official that is not subject to further review and reversal by the Administrator and which entitles Plaintiff to reimbursement for procurement costs under Medicare. To date, this additional reimbursement remains unpaid. The Secretary has a non-discretionary duty to implement the reviewing official's decision.

## COUNT VII
### All Writs Act

43.  Plaintiff hereby incorporates by reference paragraphs 1 through 26.

44.  The Secretary violated the Medicare statute and the APA by issuing Standing Order 2023-1, taking review of the CMS reviewing official's final decision, and issuing the Administrator's decision on July 31, 2023. The All Writs Act provides that federal district courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

45.  This Court, having jurisdiction over this Complaint, should issue an order rescinding the Administrator's Standing Order 2023-1 and vacating the Administrator's decision in Plaintiff's case.

### REQUEST FOR RELIEF

Plaintiff requests an Order:

    a.  Vacating the Administrator's decision in Plaintiff's case;

11

b. Vacating the Administrator's Standing Order 2023-1;

c. Reinstating the CMS reviewing official's decision in Plaintiff's case;

d. Directing the Secretary to implement the reviewing official's final decision;

e. In the alternative, issuing a writ of mandamus ordering the Secretary to rescind Standing Order 2023-1 and reinstate and implement the CMS reviewing official's decision in Plaintiff's case;

f. Should the Court find that the Administrator's decision is procedurally lawful, reversing the Administrator's determination on each issue as arbitrary, capricious, and unlawful under the Secretary's reasonable cost reimbursement regulations for OPOs;

g. Requiring the agency to pay legal fees and costs of suit incurred by the Plaintiff; and

h. Providing such other relief as the Court may consider appropriate.

        Respectfully submitted,

*/s/ Mark D. Polston*
Mark D. Polston, D.C. Bar No. 431233
Michael LaBattaglia, D.C. Bar No. 1601580
KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W.
Suite 900
Washington, D.C. 20006
202.626.5540 (phone)
202.626.3737 (fax)
MPolston@kslaw.com
MLaBattaglia@kslaw.com

*Attorneys for Plaintiff*

Date:  September 29, 2023